Filed 3/13/13  In re K.S. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re K.S., a Person Coming Under the Juvenile Court Law. | B244440 (Los Angeles County Super. Ct. No. CK43789) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CATRINA W.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rudolph A. Diaz, Judge.  Affirmed.

Catherine C. Czar, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel, and Frank J. DaVanzo, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Catrina W. (mother) appeals[1] from the order of August 30, 2012, terminating parental rights to her son K.S. under Welfare and Institutions Code[2] section 366.26. Her sole contention on appeal is that the dependency court abused its discretion in finding that the Indian Child Welfare Act of 1978 (the ICWA) (92 Stat. 3069, 25 U.S.C. §§ 1901-1963) did not apply. We affirm.

## STATEMENT OF FACTS AND PROCEDURE[3]

### Overview

K., born with drugs in his system in May 2010 to mother and J. S. (father), was declared a dependent of the court on July 15, 2010. Custody was taken from the parents. No reunification services were ordered for mother, because two older siblings had been dependents of the court, she failed to reunify with them, and she subsequently made no reasonable effort to treat the problems that led to their removal. (§ 361.5, subd. (b)(10).) Parental rights were terminated on August 30, 2012.

### Facts and Procedure Relating to the ICWA Finding

At the detention hearing, maternal grandmother advised the dependency court that, when she was a young child, she was told she had an ancestor who died on a Blackfoot Indian reservation. Neither she nor mother was registered with the tribe, and she did not

---

[1]     This is mother's second appeal. Her first appeal sought review of a July 8, 2011 order denying a section 388 petition for a change of order. She raised no ICWA issue. We affirmed the order. (Opn. filed June 13, 2012, B234692.)

[2]     All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[3]     We focus on matters relating to the sole issue on appeal.

2

know if anyone in the family was registered. She stated she had no information about Indian ancestry, because all her family died when she was a child. The court ordered the Department of Children and Family Services to investigate mother's possible American Indian heritage and provide a report to the court concerning whether or not notice to the tribe must be sent under the ICWA. Mother subsequently provided information that she had no living relatives other than maternal grandmother and "no one who is Indian is still living."

During the Department's investigation, maternal grandmother "denied any possible Native American Indian Heritage."

At the pretrial resolution conference hearing on June 17, 2010, mother stated that the only person who would be able to say whether there was Indian heritage was maternal grandmother. Maternal grandmother was present at the hearing. The dependency court stated that, as maternal grandmother told the worker that there was no Indian heritage, there was "no reason to know that the child would fall under the [ICWA] and nothing further needs to be done by the Department." Maternal grandmother did not object to the court's characterization of her statement to the worker.

On July 15, 2010, at the adjudication hearing, the dependency court found the ICWA did not apply. The court stated: "The court today finds that there is no reason to know that the child would fall under the Indian Child Welfare Act, no possible Indian heritage. The court is making a finding that the child does not fall under the Indian Child Welfare Act."

When the dependency court terminated parental rights on August 30, 2012, the court reiterated the finding "the child does not fall under the Indian Child Welfare Act."

3

## DISCUSSION

Mother contends it was an abuse of discretion[4] to find the ICWA did not apply without sending notice to the tribe, in that maternal grandmother provided information at the detention hearing indicating the child had Indian ancestry. The contention is without merit.[5]

The ICWA requires that, "where the court knows or has reason to know that an Indian child is involved" in the dependency proceeding, notice of the proceeding must be sent to the tribe. (25 U.S.C.S. § 1912(a).) State law is to the same effect. (See § 224.2, subd. (a).)

"'Indian child' means any unmarried person who is under age eighteen, and is either (a) a member of an Indian tribe or (b) eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C.S. § 1903(4).)

State law requires the dependency court to inquire whether the child in a dependency proceeding "is or may be" an Indian child. (§ 224.3, subd. (a).)

Mother's contention is easily rejected, because maternal grandmother stated during the follow up investigation that there was no Indian heritage and mother stated the only person who would know if there was Indian heritage was maternal grandmother. (*In*

---

[4] "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' [Citations.]" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.) Abuse of discretion is established if the determination is not supported by substantial evidence. (*Michael U. v. Jamie B.* (1985) 39 Cal.3d 787, 796.) In determining whether substantial evidence supports the factual findings, "all intendments are in favor of the judgment and [we] must accept as true the evidence which tends to establish the correctness of the findings as made, taking into account as well all inferences which might reasonably have been drawn by the trial court." (*Crogan v. Metz* (1956) 47 Cal.2d 398, 403-404.)

[5] In addition to arguing the court's ruling was correct, respondent asks us to rule that mother's appellate attorney had a duty to raise mother's ICWA contention in her first appeal. As respondent does not contend mother forfeited her contention or make any other legal contention, we decline the request.

*re Jeremiah G.* (2009) 172 Cal.App.4th 1514, 1516 [ICWA notice requirements were not triggered where the parent recanted his imprecise claim of heritage].)  Moreover, as the record contains no indication that the ICWA applied to mother's two older court dependents, it is reasonable to infer this child is not an Indian child either.  In any event, there is evidence the parents were not tribe members, no family member was a tribe member, and none of maternal grandmother's relatives were alive when the child was born.  The inescapable conclusion from these facts is that the child was neither a "member of an Indian tribe" nor "the biological child of a member of an Indian tribe," and, accordingly, was not an Indian child.  (See 25 U.S.C.S. § 1903(4).)  We conclude it was not an abuse of discretion for the court to find there was no reason to know the child was an Indian child and, therefore, the ICWA did not apply.

**DISPOSITION**

The order is affirmed.

KRIEGLER, J.

We concur:

ARMSTRONG, Acting P. J.

MOSK, J.

5